UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO ORTEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4: 18 CV 1576 DDN |
| | ) | |
| CITY OF ST. LOUIS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This action is before the Court on several motions: Plaintiff's motions for leave to file a third amended complaint (Docs. 87, 100), and defendants' motions to dismiss or alternatively to strike, and for judgment on the pleadings, both of which are directed to the Second Amended Complaint. (Docs. 39, 72.) For the following reasons, the Court grants the motions for leave to file a third amended complaint in part and denies them in part. The Court denies as moot defendants' motions directed to the Second Amended Complaint.

Plaintiff's claims arise out of a highly publicized mass arrest that took place on September 17, 2017 following the acquittal by a state court judge of a St. Louis Metropolitan Police Department (SLPD) officer of first-degree murder. The acquittal precipitated multiple public protests in downtown St. Louis and surrounding communities.

Plaintiff, a post-doctoral research associate at Washington University in St. Louis, who was present at the downtown St. Louis protest on September 17, 2017, alleges SLPD officers severely beat, kicked, and sprayed him with pepper spray even though he broke no laws, complied with all instructions, and was not engaged in any noncompliant act. He alleges he suffered severe injuries because of the officer's conduct.[1] (Doc. 37, ¶¶ 18, 127.)

---

[1] In his Second Amended Complaint, plaintiff specifically alleges he and a colleague traveled to downtown St. Louis to witness the protests. (Doc. 37, at ¶¶ 128, 131.) While standing at the intersection of Washington Avenue and Tucker Boulevard, they observed SLPD officers on bicycles begin to chant and form a line east of the crowd on Washington Avenue. (*Id.* at ¶ 132, 133). As plaintiff and his colleague attempted to leave, walking south on Tucker then

I.    BACKGROUND

The relevant procedural background is as follows. Plaintiff filed his original 44-page, 15-count complaint on September 17, 2018, naming as defendants the City of St. Louis, Missouri (City); officers Gerald Leyshock, Scott Boyer, Timothy Sachs, Randy Jemerson, Mathew Karnowski, Brian Rossomanno, and Stephen Walsh, IV, in their individual and official capacities; and five John Doe defendants. (Doc. 1.) The John Doe defendants are unidentified police officers with SLPD, who plaintiff alleges prevented him from leaving the area, pepper-sprayed him, and unlawfully arrested him. (*Id*. at ¶¶ 1.)

On February 15, 2019, this Court granted plaintiff's consent motion for leave to file a second amended complaint. (Docs. 36, 37.) The Second Amended Complaint alleges thirteen counts. In Count One plaintiff alleges the individual defendants' conduct constituted an unreasonable seizure in violation of his Fourth and Fourteenth Amendment rights. In Count Two he alleges defendants violated his rights to free speech and assembly under the First Amendment. In Count Three he alleges the individual defendants and the City engaged in a conspiracy to deprive him of his civil rights. In Count Four he alleges municipal liability

---

west onto St. Charles Street, plaintiff saw SLPD officers using batons and chemical agents against other people in the area. When plaintiff and his colleague emerged from St. Charles onto Washington Avenue, they saw that officers had surrounded the area with three sides of officers armed with riot shields and the fourth side on bicycles. Plaintiff complied with an officer's direction to move toward the row of officers on bicycles, thinking he had been directed to the exit. (*Id.* at ¶¶ 132-38).

Plaintiff alleges he and his colleague attempted to exit but were repeatedly struck by the officers' bicycles and pepper sprayed. When asked if they could film the incident on their phones, he was kicked and hit in response. As he lay on the ground, he heard an officer yell to his colleague, "Don't touch your fucking phone." While lying on his stomach, he was ordered to put his hands up. When attempting to comply by rising to a kneeling position, he was pepper sprayed. He covered his face with his hat and lay back on the ground. (Doc. 37 at ¶¶ 142-145.)

Plaintiff alleges an officer then knelt on him using his entire weight to forcefully zip-tie his wrists together. The officers then kicked, punched, and stomped on him. Eventually, two officers dragged him along the sidewalk by his ankles, picked him up, and slammed him forcibly against a building. He was left there for approximately one hour while the officers gathered and zip-cuffed more protesters. Shortly after midnight on Monday morning, September 18, 2017, plaintiff was shuttled to the Justice Department in a van with other individuals. (*Id.* at ¶¶ 146-53.)

against the City for failure to train, failure to discipline, and failure to supervise, and for a custom of conducting unreasonable searches and seizures and use of excessive force. In count Twelve he claims defendants used excessive force against him. Plaintiff brings counts One through Four and Twelve under 42 U.S.C. § 1983 asserting defendants were acting under color of state law. In the remaining counts, he asserts supplemental state law claims for assault, false arrest, false imprisonment, abuse of process, malicious prosecution, intentional and negligent infliction of emotional distress, assault, and battery.

On March 1, 2019, defendants moved to dismiss the case for failure to state a claim under Fed. R. Civ. P. 12 (b)(6), or in the alternative to strike, under Fed. R. Civ. P. 12(f). (Doc. 39.)

On September 16, 2019 the Court conducted a status conference regarding the identification of the Doe defendants. The Court granted plaintiff's unopposed motion for leave to conduct discovery for the limited purpose of identifying the unknown Doe defendants and gave plaintiff until November 15, 2019 to amend his pleadings to identify those defendants. (Docs. 56, 58.) On November 22, 2019, the Court granted plaintiff's consent motion to again extend the Doe discovery to January 28, 2020. (Doc. 62.) On February 28, 2020, the Court granted another consent motion to extend the Doe discovery deadline to April 30, 2020. (Doc. 71.)

On March 19, 2020, the defendants moved for judgment on the pleadings. (Doc. 72.) On April 7, 2020, the Court granted another consent motion, giving plaintiff until May 29, 2020, to identify the Doe defendants. (Doc. 78.)

On May 29, 2020, plaintiff moved for additional time, to July 29, 2020, to complete the Doe discovery, and for leave to file a third amended complaint. Plaintiff seeks to remove the fictitious Doe defendants and substitute the names of the individual officers made known during Doe discovery who are explicitly claimed to have unlawfully seized or used force on plaintiff, as well as revise or add new allegations based on information learned in discovery. (Docs 86-87.) The amended complaint alleges fourteen counts. In Count Eleven plaintiff asserts a new allegation on a theory of vicarious liability against the acting police commissioner at the time, Lieutenant Colonel Lawrence O'Toole, and then acting City director of public safety, Charlene Deeken, alleging a claim derived from the St. Louis City Charter.

In Count Thirteen plaintiff asserts a claim against 52 supervisory police officers for failure to intervene in the excessive use of force, asserting that the officers could and should have prevented alleged excessive force used against plaintiff. (Doc. 87-1, ¶¶ 60ff.)

On June 12, 2020, defendants responded to the motion. Defendants do not oppose joining additional defendants who are alleged to have personally applied excessive force to plaintiff. However, they oppose further amendment on the grounds of futility and prejudice. (Docs. 88-89.)

Defendants argue the proposed amendment is futile insofar as it alleges unlawful arrest and excessive force against any defendant who had no personal contact with plaintiff. They argue it is futile insofar as it alleges conspiracy, because it fails to state viable claims under section 1983 against the current individual defendants. Defendants state they set forth these same arguments in their motion for judgment on the pleadings, and they see no point in rehashing them. They argue the proposed amended complaint would unfairly prejudice the individual defendants because it is an attempt to impede these defendants' ability to mount a qualified immunity defense as to plaintiff's claims for unlawful arrest and excessive force. They argue the complaint is wholly insufficient to warrant impleading scores of supervisory police officers in this case. *Id.*

They argue the Court should instead deny the motion to amend, rule on their motion for judgment on the pleadings, and then reassess adding the specific individuals alleged to have had contact with plaintiff. They also argue the proposed third amended complaint would prejudice defendant City because it would add as defendants more than 50 supervisory police officers who had no direct personal connection with plaintiff and who are demonstrably immune to plaintiff's claims. Finally, they argue amendment would prejudice defendant City by injecting a novel and untested theory of state law liability of City executive officers into this action when this Court's supplemental jurisdiction should not be exercised over such a claim. *Id.*

On July 29, 2020, plaintiff filed another consent motion for more time, to August 28, 2020, to conduct the Doe discovery, and on July 30, 2020 the Court granted the motion. (Docs. 92-93.) On August 27, 2020, the parties jointly moved for an extension of time, to October 15, 2020, to complete the Doe discovery and for plaintiff to file an amended complaint. (Doc.

98.) This Court granted the motions and indicated that no further extensions would be granted. (Doc. 99.)

On October 15, 2020, plaintiff filed the renewed instant motion for leave to file a third amended complaint. (Doc. 100.) Defendants oppose the motion on the same grounds, reiterating their earlier arguments. (Docs. 89, 91, 101)

## II.   DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "Unless there is a good reason for denial, ... leave to amend should be granted." *Brown v. Wallace,* 957 F.2d 564, 566 (8th Cir. 1992). Although Rule 15(a) allows liberal amendment, the Court has discretion whether to grant leave. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998).

The factors weigh in favor of amendment. Plaintiff's motion was not filed in bad faith; the parties engaged in substantial discovery on the identity of the John Does and agreed in good faith to many extensions of the Doe discovery deadline with the purpose of amendment in mind. Plaintiff's motion was timely.

This Court cannot say that the proposed amended complaint is entirely futile. A proposed amended complaint is not futile unless it either fails to state a claim or fails to remedy an existing pleading defect. *Enterprise Rent-A-Car Co. v. U-Haul International, Inc.* 327 F. Supp.2d 1032, 1048 (E.D. Mo. 2004). Defendants argue that plaintiff's failure-to-intervene claims are futile because they allege that supervisors who were on the scene on September 17, 2017 are not liable for harms against plaintiff if the supervisors had no personal contact with plaintiff; this argument does not address whether personal contact with plaintiff is irrelevant to a claim that arises from an alleged failure to stop those who may have had unconstitutional contact with plaintiff.

However, the Court believes defendants would be unfairly prejudiced by the proposed amendment contained in paragraph 17 which adds more than 50 supervisory officer defendants who are not alleged to have had direct personal connection with plaintiff. *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 358-59 (8th Cir. 2011) (court may deny leave to amend where the proposed amendment would cause unfair prejudice to the opposing party). The addition of these proposed defendants would impose considerable burdens on the City and police without advancing the crux of plaintiff's claim, i.e., that he was subjected to excessive force by specific defendants.

Federal Rule of Civil Procedure 8(a)(2) requires a short plain statement of the claim showing that the pleader is entitled to relief against the defendant. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009) confirmed that Rule 8(a)(2) is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. A pleading that merely pleads "labels and conclusions," or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of factual enhancement will not suffice. *Twombly,* 550 U.S. at 570. Plaintiff does not meet this pleading standard by merely listing names. Therefore, the Court grants the motions to amend but denies it with respect to paragraph 17. The Court denies the motions to amend to add the list of defendant supervisors without specific, sufficient allegations regarding each such defendant.

Defendants' motions to dismiss and for judgment on the pleadings directed to the Second Amended Complaint (Docs. 39, 72) are denied without prejudice as moot. The third amended complaint supersedes the preceding complaint and renders it without legal effect. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). *See also Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (motion for leave to amend complaint mooted pending motion to dismiss with respect to original complaint).

## **CONCLUSION**

For the reasons set forth above,

- 7 -

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to file a third amended complaint (Docs. 87, 100) are **GRANTED in part and DENIED in part.  The motion is generally granted as to the proposed Third Amended Complaint, but denied as to proposed paragraph 17 and its list of proposed defendant supervisors.  Plaintiff may have 14 days in which to file his Third Amended Complaint as proposed but without proposed paragraph 17 and without the names stated therein in the style of the case.**

**IT IS FURTHER ORDERED** that defendants' motions to dismiss and for judgment on the pleadings directed to the Second Amended Complaint (Docs. 39, 72) are **DENIED without prejudice as moot.**


                                              /s/   David D. Noce              
                                      **UNITED STATES MAGISTRATE JUDGE**

Signed on March 23, 2021.